UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARK ALLAN AIMERY,

        Plaintiff,

v.

ROBERT JACKSON et al.,

        Defendants.
_____/

Case No. 1:19-cv-227

Honorable Janet T. Neff

# OPINION

This is a civil rights action brought by a state prisoner proceeding *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as frivolous because there is no basis for federal jurisdiction on the face of the complaint.

## Discussion

**I.    Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. However, the

events about which he complains occurred in Lansing, Michigan. Plaintiff sues Robert Jackson, a security guard who works at the Social Security Administration (SSA) office in Lansing, Michigan. Plaintiff also sues the SSA and "whatever security company Robert Jackson works for." (Compl., ECF No. 1, PageID.1.)

Plaintiff alleges that he went to the SSA office in Lansing on April 20, 2018, to inform them that they were sending his benefits to "direct express cards" that were not in his possession. (*Id.*, PageID.4.) He spoke with a woman at the office and she handed him a form to sign. He refused to sign the form and asked to speak with her supervisor. She took the form out of his hand and closed the window to her desk. As Plaintiff "was trying to ask her a few last questions," Defendant Jackson allegedly pulled Plaintiff from behind and "slammed" him to the ground on his neck. (*Id.*) Plaintiff tried to escape, but Jackson kept "punching [Plaintiff] back to the floor." (*Id.*) Plaintiff crawled backwards to the door and then Jackson allegedly pulled out his night stick and repeatedly struck Plaintiff in the head and on his forearm. Plaintiff reached up to the door handles to pull himself up, but Jackson allegedly grabbed Plaintiff's legs, causing Plaintiff to land on his back and tailbone. After Plaintiff escaped, he was taken to the hospital.

As relief, Plaintiff seeks compensatory and punitive damages from Defendants.

**II. Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff does not identify the legal basis for his claims. Construing the complaint generously, the Court can conceive of several different possibilities; however, none of these possibilities gives rise to a viable claim in this Court.

**A. State Law**

Plaintiff potentially states a claim against Defendant Jackson and/or his employer under Michigan common law for assault, battery, and false arrest. However, Plaintiff cannot bring such claims in this Court because he has not alleged the requisite facts for the Court to exercise jurisdiction over them.

Federal courts have limited subject matter jurisdiction. Generally, jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C.

§ 1332. State-law claims do not present a federal question, and Plaintiff does not allege that he and Defendant Jackson and Jackson's employer are citizens of different states.

Furthermore, Plaintiff cannot bring such claims against the SSA because it is part of the federal government. The federal government "is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). As discussed in more detail in the next section, the federal government has not consented to suit for claims of assault, battery, and false arrest. Consequently, the SSA is immune from suit for Plaintiff's state-law claims. *See Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (affirming dismissal of suit against federal agency because federal sovereign immunity "extends to agencies of the United States"). In short, the Court does not have original jurisdiction over any claims against defendants arising under state law.

### B. FTCA

The Federal Tort Claims Act (FTCA) is a possible avenue for bringing tort claims against the federal government. Under the FTCA, the United States waives its sovereign immunity, and grants exclusive jurisdiction for

> civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, there is an exception to the general waiver of immunity, and accordant grant of jurisdiction, for any claim arising out of an assault, battery, false arrest, or false imprisonment. "The provisions of . . . [28 U.S.C. § 1346(b)] shall not apply to . . . [a]ny claim arising out of assault, battery, false imprisonment, [or] false arrest . . . ." 28 U.S.C. § 2680(h). Plaintiff's claims fall within this exception. Thus, the federal government has not waived

sovereign immunity for Plaintiff's claims. "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Thus, the Court lacks jurisdiction over Plaintiff's claims against the federal government.

In addition, before bringing a claim under the FTCA, a plaintiff must exhaust administrative remedies. There is no indication that Plaintiff has done so, and it is doubtful that he has done so given that he does not cite the FTCA in his complaint. "The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." *Tornichio v. United States*, 263 F. Supp. 2d 1090, 1099 (N.D. Ohio 2002) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). "Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the [FTCA] claim." *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003).

Finally, the only proper defendant to a suit under the FTCA is the United States. "[F]ederal agencies are immune from tort suits." *Johnson v. O'Neill*, 130 F. App'x 1, 4 n.2 (6th Cir. 2005). "Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990).

Thus, for all the foregoing reasons, the Court lacks jurisdiction over any possible claim under the FTCA.

### C. *Bivens*

Plaintiff can also file an action against federal officials for an alleged violation of his Constitutional rights, under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388

(1971). However, Plaintiff does not sue a federal official. He sues a federal agency, a private company, and an employee of the private company. *Bivens* does not permit suit against a federal agency, *Meyer*, 510 U.S. at 485-86. In addition, *Bivens* does not permit an action against private entities acting under color of federal law, *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001), or against individual employees of private entities, *see Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Thus, *Bivens* does not permit an action against the SSA, against Defendant Jackson, or against Defendant Jackson's employer.

In *Malesko* and *Minneci*, the Supreme Court noted that state-law tort remedies offer "adequate alternative remedies" that provide "roughly similar incentives for potential defendants to comply with [the Constitution] while also providing roughly similar compensation to victims of violations." *See Minneci*, 565 U.S. at 127, 130. The same is true here. Plaintiff can seek relief for the harms done to him by bringing the sort of tort claims in state court that the Court mentioned in Section II.A, *supra*.

Accordingly, Plaintiff does not state a viable claim under *Bivens*.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that it lacks subject matter jurisdiction over Plaintiff's action. Where there is no basis for federal jurisdiction apparent on the face of the complaint, the Court may dismiss the action as "frivolous" under 28 U.S.C. §§ 1915(e)(2), 1915A(b). *Carlock v. Williams*, No. 98-5545, 1999 WL 4548890, at *2 (6th Cir. June 22, 1999); *accord Abner v. City of Detroit*, 103 F. App'x 557, 558 (6th Cir. 2004); *Gause v. Baptist Memorial Hosp.*, 3 F. App'x 395, 396 (6th Cir. 2001). Accordingly, the action will be dismissed as frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  April 26, 2019                    /s/ Janet T. Neff
                                                              Janet T. Neff
                                                              United States District Judge